UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOLANDA ROSADO-COLON,

                Plaintiff,

- v. -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

20 Civ. 5278 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Yolanda Rosado-Colon filed this action seeking judicial review of a final decision of the Commissioner of Social Security. Plaintiff sought to commence this action without paying the filing fee. (See Cmplt. (Dkt. No. 1))

        On October 6, 2020, this Court issued an Order notifying Plaintiff that her action would be dismissed if, by October 20, 2020, she had not (1) paid the $400 filing fee or (2) filed an application to proceed in forma pauperis ("IFP"). (Dkt. No. 5) Plaintiff did not pay the $400 filing fee or file an IFP application by October 20, 2020, and she has not otherwise contacted the Court since she filed this action on June 29, 2020.

        Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order. . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))).

A district court considering a Rule 41(b) dismissal considers the following factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, after filing the Complaint, Plaintiff did not pay the $400 filing fee or apply to proceed IFP. The Court then directed Plaintiff to pay the filing fee or submit an IFP application in an October 6, 2020 order. In the nearly eleven months since issuance of this Court's order, Plaintiff has not paid the filing fee, applied to proceed IFP, or otherwise taken any action to proceed with her case. Plaintiff's failure to pay the filing fee or submit an IFP application over a fourteen-month period is clearly a failure "of significant duration." See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citing Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases)); Peters-Turnbull v.

Bd. of Educ. of N.Y.C., No. 96 Civ. 4914, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (concluding that delay of between five and ten months "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)).  This factor thus favors dismissal.

As to the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'"  U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180).  In its October 6, 2020 order, the Court expressly warned Plaintiff that if she failed to pay the filing fee or submit an IFP application, her case would be dismissed.  (See Dkt. No. 5)  This factor thus favors dismissal.

The next factor – whether Defendant is "likely to be prejudiced by further delay" – is neutral.  While a "[d]efendant[] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit[,]" Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 SAS, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000), Defendant has not incurred any expense in defending the suit thus far.

"The fourth factor [a court] consider[s] is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182).  Because Plaintiff has not paid the filing fee or applied to proceed IFP, there has been no progress in the fourteen months since the case's inception.  Accordingly, this factor also weighs in favor of dismissal.

Finally, the Court finds that lesser sanctions would be ineffective.  Plaintiff has not complied with this Court's order setting a deadline for paying the filing fee or submitting an IFP application.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders

of this Court, lesser sanctions would be useless."  Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move her case forward.")).  This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction.

## CONCLUSION

For the reasons stated above, this action is dismissed without prejudice for failure to prosecute.  The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff Yolanda Rosado-Colon, 730 Van Nest Ave. Apt. 1, Bronx, NY, 10462, and to close this case.

Dated: New York, New York
       September 1, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4